FILED
2012 Apr-20  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE WATTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:11-CV-4346-VEH** |
| | ) | |
| **JAY HANUMAN, INC. d/b/a** | ) | |
| **SUBWAY; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## MEMORANDUM OPINION AND ORDER

Before the court in this employment discrimination action is the Motion To Dismiss and/or for a More Definite Statement and Incorporated Memorandum in Support (the "Motion") (doc. 15) filed by Defendants Bholenath, Inc., Jay Hanuman, Inc., and Mady, Inc., all of which are d/b/a Subway (the "Defendants"). The Plaintiff Michelle Watts ("Watts" or "Plaintiff") filed a response in opposition to the Motion (doc. 18), and the Defendants filed a reply (doc. 20). Therefore, the Motion is now under submission and ready for the court's decision. For the reasons stated below, the court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I.     Background

Watts commenced this action on December 29, 2011, by filing a complaint in

this court alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 2000e et seq. ("Title VII") based on sex harassment and retaliation.  (*See generally* Doc. 1).  Watts also raises state law claims of invasion of privacy, outrage, negligent retention, and negligent supervision.

Watts alleges that she timely filed her charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the last discriminatory treatment and that she received her right-to-sue letter within 90 days of filing her suit.  (Doc. 1 at 2).  She later filed her right to sue notice (dated October 3, 2011), and her initial EEOC charge (dated August 13, 2010).  (Doc. 8, Exs. A and C).  Thus, she has sufficiently alleged and demonstrated exhaustion of administrative remedies.

Watts alleges in her Complaint that the Defendants were her employers, that the Defendants are subject to suit under Title VII, and that "throughout [her] employment with Defendants, she was subjected to unwanted sexual harassment by the General Manager."  (Doc. 1 at 2-3).  She further contends that Defendants "have a pattern and practice of sexual harassment."  (*Id.* at 3).  She alleges that she and other females at the workplace "objected to and complained about the harassment; however, no corrective action was taken and the conduct continued."  (*Id.*). Specifically, she alleges that she "was subjected, including but [] not limited to,

sexually inappropriate comments and jokes; inappropriate touching; propositions; and sexual derogatory comments." (*Id.*).  Watts contends she was ultimately terminated from her employment with Defendants because of her complaints "to the Owner about the sexual harassment . . . she was subjected to by the General Manager." (*Id.* at 6). She further asserts that her termination was a pretext for retaliation.  (*Id.*).

Watts seeks declaratory, injunctive, and monetary relief, including reinstatement, back-pay, front-pay, compensatory damages, punitive damages, and/or nominal damages.  (*Id.* at 12).

## II.   Legal Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of her entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (emphasis added). The court therefore "accept[s] as true the facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

4

Thus, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth --- legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d at 709-10.

## III.   Analysis

The Defendants first contend that Plaintiff's Title VII claims are due to be dismissed for failure to state a claim because they "fail to contain 'sufficient factual matter' to state claims under the Supreme Court's pleading standards articulated in *Twombly* and *Iqbal*." (Doc. 15 at 2-3).   The factual deficiencies the Defendants identify are summarized as follows:

> Nowhere does Plaintiff Watts ever allege when she worked at each location, much less which of the three Defendants she worked for and when.  Plaintiff alleges that she was subjected to "sexual harassment" by "the General Manager," but she never alleges when the harassment occurred and never identifies this "General Manager" or identifies whom he (or she) worked for.  (*Id.* at ¶ 9).   She alleges that she then complained about this alleged harassment to "the Owner and Manager" (*id.* at ¶ 14), but she fails to identify either the "Owner" or "Manager," never identifies whom they worked for, and never identifies when she made these alleged complaints.

(Doc. 15 at 2).  The Defendants argue that they are hindered in their ability to respond

5

to Plaintiff's Complaint because of this missing information. The Defendants also argue that Plaintiff failed to adequately allege that the Defendants employed fifteen or more employees, such as to subject them to Title VII liability, and that her failure to plead this key element of her Title VII claims is another ground upon which they should be dismissed under Rule 12(b)(6) for failure to state a claim. (*Id.* at 3). Alternatively, the Defendants ask the court to "order Plaintiff to re-plead her claims and provide a more definite statement concerning the factual bases for her claims." (*Id.* at 4).

The court has reviewed the parties' arguments and scrutinized the Plaintiff's Complaint to determine whether it adequately states a claim for relief. The court rejects the Defendants' arguments that Plaintiff's Title VII claims are due to be dismissed outright pursuant to Rule 12(b)(6). Plaintiff has pled enough to generally put the Defendants on notice of the basis of her claims for sexual harassment and retaliation. *See* Fed. R. Civ. P. 8(a). However, the court will grant the Defendants' alternate request for a more definite statement so that Plaintiff can more specifically state the facts that support a plausible claim for relief, including facts that address most of the areas identified by the Defendants.[1]

---

[1] The court finds that it is not necessary to grant the Defendants' request for a more definite statement "as to whether each Defendant is believed to employ fifteen or more employees" (doc. 15 at 4) because the Plaintiff's EEOC charge (doc. 8 at 7) – which is

6

In particular, Plaintiff should give an approximate date of her termination and/or the last instance of alleged sexual harassment so that the Defendants can adequately assess any potential statute of limitations defenses.[2]  Plaintiff only alleges that "[a]s a result of [her] complaints, she was terminated from her employment," (doc. 1 at 6), without providing any date or chronological context.  Upon re-pleading her Title VII claims, therefore, Plaintiff should include (a) further allegations concerning the nature of the alleged "sexual harassment," including the identity of the alleged harasser(s), and <u>when</u> and <u>where</u> the instance(s) of harassment occurred; (b) allegations concerning the Subway "locations" at which the alleged harassment occurred; (c) allegations of when Plaintiff worked at each "location," including the date of her termination; and (d) allegations concerning the identity of the "Manager

---

incorporated in Plaintiff's Complaint by reference – clearly alleges that the Defendants employed "+15" employees.  Because evidence of the number of employees will be developed during discovery, as the Defendants acknowledge (doc. 15 at 3 n.1), the court finds that the more appropriate time for Defendants to assert any argument concerning whether the "employer" element is satisfied is at summary judgment.

[2]  In their Reply, Defendants note that the "new factual allegations" raised in Plaintiff's Response concerning the dates she worked for Defendant Bholenath, Inc. place her claims against that Defendant outside the statute of limitations, and, therefore, "it is clear that, at a minimum, Defendant Bholenath, Inc. should be dismissed from this action."  (Doc. 20 at 10).  The court will not address the Defendants' argument on this point because, as Defendants themselves acknowledge, these arguments are beyond the scope of what this court can consider on a motion to dismiss.  (Doc. 20 at 3 (citing Fed. R. Civ. P. 7(a)).  Defendants may re-assert whatever statute of limitations defenses they may have after the Plaintiff amends her Compliant.  Further, in re-pleading her claims, Plaintiff should be mindful not to assert claims against any Defendants for which she cannot in good faith allege timely claims.

and Owner" she complained to about workplace harassment, including <u>when</u> and <u>how</u> Plaintiff made any such complaint(s).

As to Plaintiff's state law claims, the Defendants also assert that she fails to plead "sufficient factual matter" in support of these claims.[3]   Specifically, as to Plaintiff's state law claims for negligent/wanton retention and for negligent/wanton supervision and training, Defendants assert that she fails to state a claim "because her pleadings fail to identify the employee allegedly retained, supervised, and trained." (Doc. 20 at 12).  Plaintiff's Complaint generally identifies "the General Manager" as the employee who was allegedly negligently retained, supervised, and trained, but fails to name the individual.  (See Doc. 1 at 8-10).  The court agrees that, on repleader, Plaintiff must identify the General Manager so that Defendants can properly respond to Plaintiff's Complaint.  Further, Defendants challenge the sufficiency of Plaintiff's pleadings concerning her outrage and invasion of privacy tort claims.  The court addresses the requirements for each in turn.

---

[3] Defendants first argue that the Plaintiff's state law claims are due to be dismissed for lack of jurisdiction based on their position that her federal (Title VII) claims should be dismissed entirely for failure to state a claim, but that argument is rendered moot because the court rejected Defendants' position that the Title VII claims are due to be dismissed at this stage.

Moreover, some of the Defendants' argument concerning the insufficiencies of Plaintiff's state law claims goes to the merits of the claims and prematurely addresses the substantive law Plaintiff will have to establish to ultimately prevail on those claims.  For the purposes of this Motion To Dismiss, the court focuses only on the minimum threshold pleading requirements of the Federal Rules of Civil Procedure, as explained by *Iqbal* and *Twombly*.

To sufficiently allege outrage in Alabama, Defendants argue that Plaintiff must plead facts to support that the "sexual harassment" at issue was "egregious." (Doc. 20 at 14 (citing *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)). In *Potts*, the Alabama Supreme Court stated:

> The tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, *Whitt v. Hulsey*, 519 So. 2d 901 (Ala.1987); (2) barbaric methods employed to coerce an insurance settlement, *National Sec. Fire & Cas. Co. v. Bowen*, 447 So. 2d 133 (Ala. 1983); and (3) egregious sexual harassment, *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322 (Ala. 1989). *See also* Michael L. Roberts and Gregory S. Cusimano, Alabama Tort Law, § 23.0 (2d ed. 1996). In order to recover, a plaintiff must demonstrate that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990) (citing *American Road Service Co. v. Inmon*).

*Potts*, 771 So. 2d at 465. While *Potts* acknowledges that the only kind of conduct involving sexual harassment that has given rise to liability for outrage thus far was "egregious," *see Busby*, 551 So. 2d at 328, it does not support the Defendants' proposition that "egregious" is an element of the cause of action that must be alleged in an initial pleading. Instead, *Potts* clearly delineates the three required elements of outrage quoted above. The second element requires that the conduct complained of "was extreme and outrageous." *Potts*, 771 So. 2d at 465. Plaintiff need not prove her

claim in her initial pleading but she must plead facts that support a plausible claim for relief; in other words, she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Here, Plaintiff <u>conclusorily</u> asserts that "[t]he defendants and their supervisors outrageously and intentionally inflicted emotional distress upon the plaintiff by subjecting [her] to sexual harassment and retaliation as set forth above." (Doc. 1 at 10). "While legal conclusions can provide the framework of a complaint, <u>they must be supported by factual allegations</u>." *Iqbal*, 129 S. Ct. at 1950 (emphasis supplied). Accordingly, upon repleader, Plaintiff should allege specific facts demonstrating that the particular form of harassment she alleges in this lawsuit could plausibly give rise to the kind of "extreme and outrageous" conduct contemplated by Alabama courts sufficient to support her claim for outrage.

Plaintiff's claim for invasion of privacy, is also insufficient. As noted in *Mills v. Wex-Tex Industries, Inc.*, 991 F. Supp. 1370, 1384 (M.D. Ala. 1997), a case cited by both parties:

> Alabama law recognizes four acts that constitute an invasion of privacy: (1) intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false but not necessarily defamatory position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for a

commercial use. *Phillips v. Smalley Maintenance Servs., Inc.*, 435 So. 2d 705, 708 (Ala.1983). Here, Mills claims invasion of privacy under the "intrusion upon seclusion" theory. Under this theory, the invasion of privacy consists of "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *McIsaac v. WZEW–FM Corp.*, 495 So.2d 649, 651 (Ala.1986). Intrusion into the victim's physical privacy is not necessary; "[o]ne's emotional sanctum is certainly due the same expectations of privacy as one's physical environment." *Phillips*, 435 So.2d at 711. <u>Complaints of sexual harassment may sufficiently state a claim for invasion of privacy.</u> *Busby v. Truswal Sys. Corp.*, 551 So. 2d 322, 324 (Ala. 1989); *Phillips*, 435 So. 2d at 711.

*Mills,* 991 F. Supp. at 1384 (emphasis added). While the Complaint fails to specify which type of privacy claim Plaintiff is asserting, her Response brief seems to clarify that she intended to bring her claim based on the General Manager's "wrongful[] intru[sion] upon her private affairs." (Doc. 18 at 13). Plaintiff's Complaint alleges that her "General Manager" invaded her privacy "by, among other things, sexually harassing [her], making sexually inappropriately comments and jokes; inappropriately touching [her]; propositioning [her]; and making sexually derogatory comments." (Doc. 1 at 7). Because "[c]omplaints of sexual harassment may sufficiently state a claim for invasion of privacy," *Mills*, 991 F. Supp. at 1384, Plaintiff appears to state a plausible claim for invasion of privacy. Still, Defendants complain that they should not have to "guess" at what type of privacy Plaintiff is alleging. (Doc. 20 at 15). Therefore, in addition to more specifically alleging the facts that support her claim

of sexual harassment as discussed *supra*, Plaintiff should re-plead her claim for invasion of privacy to specify which type of privacy claim she is asserting under Alabama law.

## IV.    Conclusion

Accordingly, the court **DENIES** the Motion to the extent it seeks dismissal of Plaintiff's Complaint for failure to state a claim, but **GRANTS** the Motion to the extent it alternatively asks for a more definite statement.   Consistent with the specific instructions set out in this Memorandum Opinion and Order, the Plaintiff is **ORDERED** to file her amended and re-pleaded Complaint no later than twenty-one (21) days after the date of this Order.

**DONE** and **ORDERED** this the 20th day of April, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge